**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

               Plaintiff,

    v.                                  DECISION & ORDER
                                            08-CR-6031L

MARQUIS ESTIMABLE,

               Defendant.
_____

On May 27, 2008, this Court heard argument as to defendant Marquis Estimable's omnibus motions (Docket #31, 40). All of the motions were decided on the record except Estimable's motion for severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure. This Report and Recommendation will address that remaining issue.[1]

In the four count indictment pending before the Court, (Docket #13), Estimable is charged only in Count II. Count II charges Estimable and two co-defendants (Breeyan Scott and James Thompson) with conspiring with each other and others "known and unknown" to possess with intent to distribute crack cocaine and heroin. (Docket #13). The conspiracy is alleged to have occurred between August 2007 and October 2007.

As indicated, Estimable moves for severance under Rule 14 of

_____

[1] By Order dated June 3, 2008, this Court confirmed the rulings made on the record on May 27, 2008. (Docket #49).

the Federal Rules of Criminal Procedure.[2] Estimable argues that he will be substantially prejudiced by a joint trial because of the wide disparity of evidence between him and his co-defendants. In light of the arguments made at the hearing and in order to better evaluate Estimable's disparity of evidence claims, the Court directed the parties to provide a copy of the "open file" discovery materials[3] the government provided to plaintiff to the Court for review.

The government states that "at present" its case against Estimable is based on the results of a police search of 62 Crouch Street on October 8, 2007. Law enforcement had observed conduct consistent with narcotics trafficking in the dwelling and had obtained statements from individuals admitting to having purchased drugs from the dwelling. Believing it to be a "gate house" for the sale of drugs, the police approached the outside door to investigate. The door was immediately slammed shut from the inside and officers could hear people "running in the house." Co-

---

[2] Estimable does not rely on Rule 8(b) which concerns whether defendants are properly joined for trial. The fact that Estimable is only charged in one of the counts is not a basis for severance under Rule 8(b) as the Rule specifically provides that "[a]ll defendants need not be charged in each count." Fed. R. Crim. P. 8(b).

[3] The government informed the Court that while grand jury testimony had not yet been revealed to defense counsel, that testimony would not contradict the open file discovery materials that had already been provided.

defendant Scott then dove "head first" out of a window and was apprehended after a foot chase. After apprehending Scott, police decided to breach the residence and discovered Estimable and Thompson inside. There was no furniture, bedding or food inside the house, corroborating police suspicions that it was being used as a drug gate house. Police secured the premises and a search warrant was obtained. Found in and around the dwelling were active TV security cameras. According to police reports, "it was apparent that cocaine and heroin had been destroyed in the kitchen sink garbage disposal." A 1983 Cadillac Seville located in the driveway was also searched. Found inside the vehicle were cocaine, plastic bags, a stolen loaded 9 millimeter handgun, a glass beaker with cocaine residue inside and photographs of co-defendant Thompson.

The government concedes that (1) no drugs or contraband were found on Estimable's person during the search, (2) Estimable has no known connection to the Cadillac Seville, and (3) "at present" the proof that Estimable was a member of the alleged conspiracy is limited to his presence at the Crouch Street "gate house" on October 8, 2007. Estimable argues that his mere presence at 62 Crouch Street contrasts so sharply with the evidence against his co-defendants that a joint trial with them would prevent the jury from making a reliable decision on his guilt or innocence.

## DISCUSSION

The Court agrees that Estimable has made a credible showing of disparity of evidence as between him and his co-defendants which creates a viable defense strategy that may be available only to him. Rule 14 of the Federal Rules of Criminal Procedure permits severance where a defendant will be substantially and unfairly prejudiced by joinder. Nevertheless, Estimable bears a "heavy burden" of establishing that substantial prejudice would result from his joinder with his co-defendants. United States v. Locasio, 6 F.3d 924, 947 (2d Cir. 1993). In this Circuit, it is clear that disparity in evidence and the potential for prejudicial "spillover" will not ordinarily justify a severance. Id. "[J]oint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." Id. "Differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003) (citation omitted).

After consideration of the arguments of counsel and my review of the Rule 16 and voluntary discovery materials, I conclude that while there is disparity in the nature and quality of the evidence against Estimable as compared to his co-defendants, that disparity is not so overwhelming as to require severance under Rule 14. Estimable's spillover prejudice claim is linked to his argument

that the evidence of his co-defendants' participation in the alleged drug trafficking conspiracy is far more inculpatory when compared to his "mere presence" at 62 Crouch Street on October 8, 2007. While mere presence or mere association with conspirators is not enough to sustain a conspiracy conviction, "[t]here is a distinction between 'mere presence' and 'presence under a particular set of circumstances' that indicate participation. United States v. Locasio, 6 F.3d at 944 (citations omitted).

Here, Estimable, like his co-defendants, was present at a house where police (1) observed behavior consistent with drug trafficking (2) obtained statements from individuals confirming that ongoing drug trafficking was being conducted inside the dwelling, and (3) conducted a search of the dwelling which confirmed that the residence's only purpose was to house a drug trafficking operation. Given the circumstances surrounding Estimable's presence, it would be reasonable for a jury to conclude that only knowledgeable and trusted members of a drug trafficking conspiracy would be allowed inside the dwelling. Thus, there was more than "mere presence" connecting Estimable to the conspiracy and a reasonable jury could conclude that those present at 62 Crouch Street were, in fact, "partners in crime." Given the preference in the federal system for defendants who are indicted together to be tried together, Estimable's severance arguments fall short. While the evidence connecting Estimable to the alleged

conspiracy may not be as strong as the evidence against his co-defendants, a separate trial is not the only, nor even the preferred, remedy. "[E]ven when the risk of prejudice is high, measures less drastic than severance, 'such as limiting instructions, will often suffice to cure any risk of prejudice.'" United States v. Diaz, 176 F.3d 52, 104 (2d Cir. 1999) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)).

## CONCLUSION

For the foregoing reasons, it is my Report and Recommendation that the defendant's motion for a severance be denied.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: August 19, 2008
Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).[4]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Government and the Defendant.
**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: August 19, 2008
Rochester, New York

---

[4] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(f) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed. <u>United States v. Andress</u>, 943 F.2d 622 (6th Cir. 1991); <u>United States v. Long</u>, 900 F.2d 1270 (8th Cir. 1990).