UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                                  DECISION AND ORDER

                                                                  08-CR-6031L

                     v.

MARQUIS ESTIMABLE,

                        Defendant.
_____

Defendant, Marquis Estimable ("Estimable"), stands indicted in one count, with two co-defendants, and is charged with conspiracy to possess with intent to distribute and to distribute illegal drugs. The term of the conspiracy was from August to October 2007. The evidence, though, appears to focus on evidence obtained during the execution of a search warrant at 62 Crouch Street in Rochester, New York on October 8, 2007.

Estimable moved for severance, pursuant to Rule 14, FED. R. CRIM. P. That motion, and others, were referred by this Court to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). After reviewing the papers submitted on the motion, as well as the nature of the voluntary discovery provided by the Government, Magistrate Judge Feldman issued a Report and Recommendation (Dkt. #58), recommending denial of Estimable's motion for a severance. Estimable duly filed Objections (Dkt. #59) to that Report and Recommendation.

I accept and adopt Magistrate Judge Feldman's Report and Recommendation and agree with his recommendation that the motion for severance be denied. As Magistrate Judge Feldman noted, there is clear authority in the Second Circuit that those charged with the same offense should be tried together. Magistrate Judge Feldman set forth the cases which establish the reasons for that preferred treatment.

In essence, Estimable contends that he should be severed from his co-defendants because the evidence against him is weaker. Magistrate Judge Feldman acknowledged the fact that at present, there is hardly an overwhelming amount of evidence against this defendant but that fact does not warrant the relief requested here. It is not at all uncommon for there to be different levels of proof against various members in a conspiracy. In fact, the jury is routinely instructed in conspiracy cases that some conspirators play major roles, while others much lesser roles. The issue often boils down to intent and a determination as to whether a particular defendant participated in the unlawful agreement. Mere presence at the scene of the crime or association with those who are engaged in criminal activity does not necessarily make a defendant a guilty co-conspirator. Such questions, though, are for the jury and I agree with Magistrate Judge Feldman that defendant is not entitled to a severance just because he thinks his chances of obtaining an acquittal are better if he were tried separately.

For all the reasons set forth by Magistrate Judge Feldman in his Report and Recommendation, I believe Estimable's motion for a severance and, therefore, a separate trial should be denied.

CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #58) of United States Magistrate Judge Jonathan W. Feldman.  Defendant's motion for a severance, pursuant to Rule 14, FED. R. CRIM. P., is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 23, 2008.